**UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COZY COMFORT COMPANY LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTERNSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>*Defendants.* | Case No. 23-cv-16563<br><br>Honorable Andrea R. Wood<br><br>Magistrate Judge Maria Valdez |

**DEFENDANT VANILLA UNDERGROUND'S AMENDED MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff has no basis to seek a preliminary injunction against Defendant Vanilla Underground Store (No. 41 in Schedule A) (hereinafter, "Vanilla Underground") because Vanilla Underground is a well-established, reputable company that has permanently ceased distributing, selling, offering for sale, manufacturing, and importing the allegedly infringing product in the U.S. Vanilla Underground respects others' IP. Further, a prejudgment asset restraint is wholly unwarranted here because Vanilla Underground (i) is not part of a Chinese-based counterfeiting ring, (ii) operates a well-established e-commerce website that lawfully licenses its products from brand owners, (iii) has hired U.S. counsel, (iv) accurately lists its corporate information and contact information on its website, (v) has an interest in litigating this case because it owns U.S. financial accounts and a well-established U.S. Amazon store, and (vi) will not dissipate its assets. Furthermore, the considerable amount of assets Plaintiff seeks to restrain is not even arguably commiserate with Plaintiff's proposed equitable remedy of disgorgement or profits.

1

## I. FACTUAL BACKGROUND

Vanilla Underground is an online Amazon store owned by Premier P. Ltd, a London-based company located at Unit 5 Borman, Lichfield Road Industrial Estate, Tamworth, Staffordshire B79 7TA Great Britain. *See* Declaration of Christopher Pilkington, ¶ 4 ("Pilkington Declaration, ¶ 4"). Premier P. Ltd has done business since 2006. Pilkington Declaration, ¶ 4. It opened its "Vanilla Underground" Amazon store in January of 2014. Pilkington Declaration, ¶ 5. Vanilla Underground sells over 6,000 different products, many of which are lawfully licensed from established brand owners, such as Mattel, Viacom, and Sega of America. *See* Pilkington Declaration, ¶ 7.

Since 2022, Vanilla Underground has sold several kinds of hooded sweatshirts and throw blankets. Pilkington Declaration, ¶ 9. Plaintiff alleges that one of these products, specifically, the "Vuddie Oversized Blanket Hoodie Adult Green Fleece" (ASIN BOBBBMFRN2T) item, which Vanilla Underground first began selling in 2022, infringes on Plaintiff's patent. This listing did not contain Plaintiff's alleged trademark, or even the word "COMFY." *See* Exhibit 1. Vanilla Underground was not aware of Plaintiff's alleged patent until this lawsuit, did not intend to infringe or know it was infringing any protected intellectual property, and has made it clear to Plaintiff that Vanilla Underground will permanently cease distributing, selling, offering for sale, manufacturing, and importing the allegedly infringing product in the U.S. Pilkington Declaration, ¶¶ 10-12.

## II. LEGAL STANDARD

As the Seventh Circuit has stated repeatedly, a preliminary injunction is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020). To obtain such drastic relief, the party seeking the relief must carry the burden of persuasion by a clear showing. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The moving party has the burden to show (1) a likelihood of success on the

merits; (2) irreparable harm; and (3) that the balance of the equities and the public interest favors emergency relief. Fed. R. Civ. P. 65(b)(1)(A); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). "Where appropriate, this balancing process should also encompass any effects that granting or denying the preliminary injunction would have on nonparties (something courts have termed the 'public interest')." *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018).

A request for such injunctive relief, however, is rendered moot when "there is no reasonable expectation that the wrong will be repeated." *Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 747 (7th Cir.1999) (internal quotation marks omitted). "The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility." *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir.2009) (internal quotation marks omitted).

**III.    ARGUMENT**

Plaintiff's requested preliminary injunction against Vanilla Underground is wholly unwarranted. Vanilla Underground is a well-established and legitimate e-commerce website that offers lawfully licensed clothing from established brands. In addition to the fact that Vanilla Underground had no knowledge of Plaintiff's alleged design patent before the commencement of this lawsuit, the design patent (a specific design for an oversized hooded sweatshirt) is almost certainly invalid to the design being "anticipated" based on prior art. Further, Vanilla Underground's allegedly infringing item significantly differs from Plaintiff's narrow design patent. Most importantly, Vanilla Underground permanently ceased selling the allegedly infringing product and Plaintiff has no reason to doubt this fact. Finally, a prejudgment asset restraint in this case is improper because Vanilla Underground, unlike the other defendants in this case, is a well-established, legitimate, and London-based company that has substantial goodwill built up in its Amazon store. Thus, Vanilla Underground has a clear interest in litigating this lawsuit.

    **A.    The Drastic Remedy of a Preliminary Injunction is Inappropriate Here Because Plaintiff's Design Patent is Likely Invalid, Vanilla Underground's Product Does Not Infring on the Design Patent even if the Patent is Valid, and Plaintiff Will Not Suffer Irreparable Harm.**

Vanilla Underground is likely to succeed on the merits of Plaintiff's claims because Vanilla Underground did not use Plaintiff's alleged trademark, because Plaintiff's design patent is most certainly invalid, and because—even if Plaintiff's design patent was valid—Vanilla Underground's product does not infringe Plaintiff's narrow design patent.

    *1. Plaintiff's Design Patent is Likely Invalid Because the Design Patent is Anticipated by Prior Art.*

"A design patent is anticipated if 'in the eye of an ordinary observer, giving such attention as a purchaser usually gives,' its design is 'substantially the same' as that of the prior art." *Samsung Electronics Co., Ltd. v. Apple, Inc.*, 137 S. Ct. 429 (2016) (stating ordinary observer test in context of infringement) (citation omitted); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237–40 (Fed. Cir. 2009) (stating that same ordinary observer test applies in context of anticipation). Additionally, as the party moving for preliminary injunction, Plaintiff "retains the burden of showing a reasonable likelihood that the attack on its patent's validity would fail." *Generac Power Sys. Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 800 (E.D. Wis. 2011) (*Oakley*, *Inc*. *v. Sunglass Hut Int'l*, 316 *F*.*3d*. 1331, *1339*-40 (Fed. Cir. 2003). Therefore, if the defendant raises a "substantial question concerning either infringement or validity," which the plaintiff cannot prove "lacks substantial merit," the Court should not issue a preliminary injunction. *Id.* (quoting *Oakley*, 316 *F*.*3d*. at 1350–51).

Here, according to its face, the asserted U.S. Design Patent No. D859,788 (the "'788 Patent") titled "Enlarged Over-Garment with an Elevated Marsupial Pocket," was filed on September 17, 2017 and does not claim any domestic or international priority. *See* Dkt. 1-1, at 2. Most importantly, the design claimed by the '788 Patent was used by multiple third parties well before Plaintiff's patent application was filed in September of 2017. Indeed, with a limited investigation, Vanilla Underground was able to find the design publicly available as early as 2014. *See* Exhibit 2. Because an ordinary observer would see the elevated pocket on the enlarged over-garment claimed in the '788 Patent as having substantially the same design as other products that were available for purchase long before its priority date, the '788 Patent is highly likely to be found invalid as anticipated.

> 2. *Even if Plaintiff's Desing Patent Was Valid, Vanilla Underground's Product Does Not Infringe Plaintiff's Patent.*

The '788 Patent does not protect all oversized hooded sweatshirts with a front pocket. It protects the narrow design of an enlarged hooded sweatshirt with an "elevated marsupial pocket.". *See* Dkt. 1-1, at 2. The front pocket is located approximately halfway up the hooded sweatshirt:



*See Dkt*. No. 1-1, at 7. In contrast, Vanilla Underground's product has a regular-sized pocket that is located in a *not-elevated* lower position:



*See* Exhibit 1. Therefore, Vanilla Underground's product does not infringe on the single claim in Plaintiff's design patent. In short, unless Plaintiff is intending to argue that the '788 Patent protects all oversized hooded sweatshirts with a front pocket (the patent clearly does not), Vanilla Underground's product does not infringe Plaintiff's patent.

Accordingly, because Vanilla Underground has met its burden of proposing a substantial question of invalidity in light of the anticipation of the claimed design, as well as a substantial question as to the question of infringement, and because Plaintiff cannot demonstrate that Vanilla Underground's defense lacks substantial merit, Plaintiff is highly unlikely to succeed on the merits of its case. *See Generac Power Sys. Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 804 (E.D. Wis. 2011) (denying temporary restraining order based on patent infringement claim due to patent validity concerns). This factor strongly weighs against a preliminary injunction.

### 3. Plaintiff Will Not Suffer Irreparable Harm.

Finally, Plaintiff will not suffer any irreparable harm in the absence of its requested injunction. "[F]or the grant of a preliminary injunction to be proper, the harm to the plaintiff also must be judged irreparable—meaning not fully compensable or avoidable by the issuance of a final judgment (whether a damages judgment or a permanent injunction, or both) in the plaintiff's favor." *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013). "As a general rule, a defendant's ability to compensate plaintiff in money damages precludes issuance of a preliminary injunction." *Signode Corp. v. Weld–Loc Systems, Inc.,* 700 F.2d 1108, 1111 (7th Cir.1983) (internal quotations omitted). Put another way, an injunction is an equitable remedy that courts may grant at their discretion only "in the extraordinary situations where legal remedies such as monetary damages are inadequate." *Bedrossian v. Northwestern Memorial Hosp.,* 409 F.3d 840, 842 (7th Cir. 2005). Importantly, there is no presumption of irreparable harm when a patent infringement plaintiff seeks injunctive relief. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006).

In addition, "[c]essation of the allegedly [unlawful] conduct, though not rendering a claim moot, nevertheless may affect the ability to obtain injunctive relief, as by impacting the ability to show substantial and irreparable injury." *Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 748 (7th Cir. 1999) (citing *W.T. Grant*, 345 U.S. 629, 632–33 (1953). "Injunctive relief is only appropriate where there exists a "cognizable danger of recurrent violation, something more than the mere possibility." *Id.*

Here, Vanilla Underground has permanently stopped distributing, selling, offering for sale, manufacturing, and importing the allegedly infringing item, and Plaintiff have no evidence or basis to question this fact. *See* Pilkington Declaration, ¶¶ 10-12; *Chicago Mercantile Exch. Inc.*

7

*v. Ice Clear US, Inc.*, No. 18 C 1376, 2021 WL 3630091, at *30 (N.D. Ill. Aug. 17, 2021) (denying motion for preliminary injunction after finding that the defendants "stopped using the SPAN mark and there is no evidence in the record to suggest otherwise"); *see also Schutt Mfg. Co. v. Riddell, Inc.*, 673 F.2d 202, 207 (7th Cir. 1982) (affirming district court's denial of injunction in trademark case "because [defendant] did not threaten to persist in or resume the allegedly infringing or unfair conduct"). Particularly in Vanilla Underground's case, where it bases a large part of its business on lawfully licensing intellectual property rights from established brands, there is no reason to doubt Vanilla Underground's representation that it has permanently ceased the allegedly infringing conduct. *See Reader's Digest Ass'n, Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 807 (D.C. Cir. 1987) ("When a defendant has ceased its infringing conduct and shows no inclination to repeat the offense, a court may not" broadly enjoin the defendants from using the plaintiff's "trade dress in the future").

Therefore, the only alleged "harm" for Plaintiff to address is for alleged past infringement. And Plaintiff explicitly states that damages (in the nature of a reasonable royalty) is an adequate remedy for such alleged past infringement. *See* Dkt. No. 1, at 19; *see also H Guys LLC v. Hallal Guys Franchise, Inc.*, No. 19-CV-4974, 2019 WL 3337116, at *6 (N.D. Ill. July 25, 2019) (denying a TRO because, *inter alia*, "experts surely can provide quantitative measurements on the damages to Plaintiff").

Accordingly, because Vanilla Underground has permanently stopped the complained-of activity and there is no threat that Plaintiff will suffer irreparable harm, Plaintiff has no basis for a preliminary injunction. *See Clark v. Bumbo Int'l Tr.,* No. 15 C 2725, 2017 WL 3704825, at *4 (N.D. Ill. Aug. 28, 2017) (denying preliminary injunction after recognizing that the defendant "submit[ed] evidence that it does not intend to use the Quote in the future, and plaintiff submit[ed]

no evidence to contradict [the declarant] or show that there is some danger that [the defendant] will ever again use the Quote (or a similar representation) to advertise the Bumbo Seat); *Healey v. Int'l Bhd. of Elec. Workers, Loc. Union No. 134*, 296 F.R.D. 587, 591 (N.D. Ill. 2013) (denying preliminary injunction and holding that "t[t]he fact that defendants are defending this suit" does not suggest they will cause irreparable harm in the future).

> B. **The Drastic Remedy of a Prejudgment Asset Restraint is Unwarranted and Improper Against Vanilla Underground Because There is No Cognizable Danger that Vanilla Underground Wil Dissipate Its Assets.**

Presently, Vanilla Underground's entire Amazon account (which includes transactions pertaining to the 6,000 products entirely unrelated to this case) is restrained, which amounts to approximately $434,541.87. Every day, an additional $3,00-$5,000 is restrained. There is no basis to restrain this money.

As an initial matter, it is unclear whether the Court has the authority to order a prejudgment asset restrain in a patent infringement case. *See LG Elecs., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 21-CV-2600, 2021 WL 8315935, at *3 (N.D. Ill. July 23, 2021). The Supreme Court has held that "a district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999)). While statutes like the Lanham Act explicitly provide that trademark holders may recover the trademark infringer's profits, the patent statue limits recovery to the plaintiff's damages. *LG Elecs., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 21-CV-2600, 2021 WL 8315935, at *3 (N.D. Ill. July 23, 2021) (comparing 15 U.S.C. § 1117 *with* 35 U.S.C.§ 284).

Even assuming that such relief is available in this case, to establish entitlement to such

relief, Plaintiff must satisfy the same test that governs temporary restraining orders to obtain that drastic relief. *See Indus. Xperience, LLC v. Dance Xperience*, No. 19-CV-06724, 2020 WL 1888977, at *2 (N.D. Ill. Apr. 16, 2020) (citing *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 382–83 (7th Cir. 1984)). Among other things, Plaintiff must establish irreparable harm by showing that Vanilla Underground will "likely" dissipate its assets before judgment, thereby preventing the plaintiff from obtaining the equitable relief of disgorgement of profits. *LeSEA, Inc. v. LeSEA Broad. Corp.*, No. 3:18CV914-PPS/MGG, 2022 WL 621039, at *5 (N.D. Ind. Mar. 3, 2022) (quoting *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 788 (7th Cir. 2011)); *see also Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) ("A party seeking an asset freeze must show a likelihood of dissipation of the claimed assets . . . if relief is not granted"); *Dearborn Mid-W. Conveyor Co. v. Pietrangelo*, No. CIVA 06CV-14338-DT, 2006 WL 2828659, at *3 (E.D. Mich. Oct. 3, 2006) (stating that to restrain the defendant's $117 "the court must have sufficient evidence to show a threat that an individual will dissipate the assets").

Here, Plaintiff made no such claim regarding Vanilla Underground. The only sentence in Plaintiff's entire Memorandum related to the need for a prejudgment asset restraint is Plaintiff's entirely speculative and unsupported statement that "[i]n the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions, including PayPal accounts, to an offshore account." Dkt. No. 45-1, at 5. Plaintiff has offered no evidence (because no evidence exists) that Vanilla Underground, a well-established and reputable London-based company that owns assets in the U.S., would dissipate or hide it assets. Accordingly, Plaintiff has failed to establish the irreparable harm necessary to obtain a prejudgment asset restraint. *See Travelers Cas. & Sur. Co. v. Wells Fargo Bank, NA*, No. 3:09 CV 501 PPS, 2009 WL 4881079, at *4 (N.D. Ind. Dec. 9, 2009) (denying the plaintiff's motion for

temporary restraining order freezing the defendants' assets because the plaintiff failed to show that the defendants were "dissipating funds or hiding assets to evade creditors"); *see also LG Elecs., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule A*, No. 21-CV-2600, 2021 WL 8315935, at *3 (N.D. Ill. July 23, 2021) (denying prejudgment asset restraint).

Furthermore, "Plaintiff has not made a showing that it will seek equitable monetary relief at the end of the case, so there is no basis for an asset freeze now." *Zorro Prods., Inc. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23-CV-5761, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023). It is well established that "prejudgment asset restraints are not proper simply to establish a fund from which a later award of money damages can be satisfied." *Id. (citing Banister v. Firestone*, 2018 WL 4224444, at *9 (N.D. Ill. 2018)); *see also Jergenson v. Inhale Int'l Ltd.*, No. 22 CV 2040, 2023 WL 167413, at *5 (N.D. Ill. Jan. 12, 2023) (citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330–33 (1999) ("[A] prejudgment asset restraint is an extraordinary measure that is appropriate when an equitable remedy of an accounting would be jeopardized without a restraint; it is not a device to be employed simply to secure a pot of money for later recovery of damages."). In other words, "[p]rospective equitable relief" only "protects the possibility of retrospective equitable relief." *Zorro*, No. 23-CV-5761, 2023 WL 8807254, at *4.

Here, in addition to the fact that any potential equitable relief in this case *is available* to Plaintiff (and Plaintiff has submitted no evidence to question its availability), Plaintiff has not made a sufficient showing that it is genuinely seeking equitable relief. Indeed, for any patent infringement, Plaintiff's Complaint requests that Plaintiff be awarded "damages" no less than "a reasonable royalty for the use made of the invention by the Defendants, together with interest and

11

costs, pursuant to 35 U.S.C. § 284." Dkt. No. 1, at 19. Plaintiff further requests from the Court that "the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's COMFY Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 28." Dkt. No. 1, at 19. Only "in the alternative" does Plaintiff request to be awarded "all profits realized by Defendants from Defendants' infringement of Plaintiff's COMFY Patent, pursuant to 35 U.S.C. § 289." And considering that plaintiffs in these cases always end up seeking statutory damages, the Court should not grant a prejudgment asset restraint based on supposed equitable relief unless it can be confident that Plaintiff in this case will in fact seek equitable relief at the end of this case. *See Zorro*, No. 23-CV-5761, 2023 WL 8807254, at *4 ("Schedule A plaintiffs rush into court, request and receive an asset freeze, and obtain a default judgment. And then, the Schedule A plaintiffs ask district courts to unfreeze the money and award statutory damages, not equitable relief.").

Therefore, because Vanilla Underground is not part of a Chinese-based counterfeiting ring, operates a well-established e-commerce website that lawfully licenses its products from brand owners, has hired U.S. counsel, accurately lists its corporate information and contact information on its website, has an interest in litigating this case because it owns U.S. financial accounts and a well-established U.S. Amazon store, and because there is no cognizable danger that Vanilla Underground will dissipate its assets, there is no basis to grant a prejudgment asset restraint against Vanilla Underground. Accordingly, the Court should deny Plaintiff's request for such a restraint.

## IV. THE COURT SHOULD INCREASE THE BOND PLAINTIFF MUST POST TO AN AMOUNT THAT WOULD ALLOW VANILLA UNDERGROUND ALONE TO COLLECT $75,000 IF THE COURT FINDS THE TRO UNMERITED.

"When setting the amount of security, district courts should err on the high side." *Mead Johnson & Co. v. Abbott Lab'ys*, 201 F.3d 883, 888 (7th Cir.), *opinion amended on denial of reh'g,* 209 F.3d 1032 (7th Cir. 2000). "[A]n error in the other direction produces irreparable injury,

because the damages for an erroneous preliminary injunction cannot exceed the amount of the bond. *Id.* (citing *W.R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 770 n.14, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983)). Importantly, "[t]rademark suits, like much other commercial litigation, often are characterized by firms' desire to heap costs on their rivals, imposing marketplace losses out of proportion to the legal merits. *Id.* "That's why bonds must reflect full costs*." Id.* "Shifting back to the plaintiff the complete injury occasioned by the errors that sometimes occur when preliminary relief is issued after an abridged judicial inquiry will hold in check the incentive business rivals have to pursue relief that gives them a competitive edge even if, as in this case, they lose in the end." *Id.*

Here, assuming the Court finds that the TRO (including the prejudgment asset restraint) was not merited, Vanilla Underground will suffer $20,000 in lost sales due to the improper restraint on Vanilla Underground's sale of the contested product, as well as $55,000 in damages arising from Vanilla Underground's inability to use the retained money to buy new products and generate profits from the sales of those products. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) (staging that "every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money").

The proposed bond of $75,000, therefore, is reasonable and consistent with prior cases in this District. *See USA-Halal Chamber of Com., Inc. v. Best Choice Meats, Inc*., 402 F. Supp. 3d 427, 441 (N.D. Ill. 2019) (requiring a bond of $95,000 in trademark infringement suit against a single defendant); *see also SMC Corp. v. Lockjaw, LLC*, 481 F. Supp. 2d 918, 930 (N.D. Ill. 2007) (finding that $500,000 bond in case with a single defendant was "warranted to cover [the defendant's] potential lost profits and other damages in the event it is subsequently determined that [the defendant] was wrongfully enjoined"); *Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, No.

13

14-CV-2060, 2014 WL 6613116, at *10 (N.D. Ill. Nov. 21, 2014) (requiring $250,000 bond in patent infringement case against a single defendant).

## V. CONCLUSION

Plaintiff has no basis to seek a preliminary injunction against Vanilla Underground because Vanilla Underground is a well-established, London-based company that has already permanently ceased distributing, selling, offering for sale, manufacturing, and importing the allegedly infringing product and Plaintiff has no basis to doubt this fact. Further, a prejudgment asset restraint is not justified here because Vanilla Underground (i) is not part of a Chinese-based counterfeiting ring, (ii) operates a well-established e-commerce website that lawfully licenses its products from brand owners, (iii) has hired U.S. counsel, (iv) accurately lists its corporate information and contact information on its website, (v) has an interest in litigating this case because it owns U.S. financial accounts and a well-established U.S. Amazon store, and (vi) will not dissipate its assets.

Accordingly, the Court should deny Plaintiff's Motion for a Preliminary Injunction and Prejudgment Asset Restraint.

Dated February 14, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Matthew R. Grothouse
　　　　　　　　　　　　　　　　　　　　Matthew R. Grothouse (Illinois #6304834)
　　　　　　　　　　　　　　　　　　　　Ice Miller LLP
　　　　　　　　　　　　　　　　　　　　200 West Madison, Suite 3500
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　312-527-2528
　　　　　　　　　　　　　　　　　　　　Email: matt.grothouse@icemiller.com


　　　　　　　　　　　　　　　　　　　　Brian Lum (Illinois # 6256315)
　　　　　　　　　　　　　　　　　　　　ICE MILLER LLP
　　　　　　　　　　　　　　　　　　　　200 West Madison Street, Suite 3500
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　Phone: (312) 726-8129

Email: brian.lum@icemiller.com

Thomas Rammer (Illinois #6297479)
Ice Miller LLP
200 West Madison, Suite 3500
Chicago, IL 60606
Phone: 312-705-6016
Email: tom.rammer@icemiller.com

*Counsel for Defendant Vanilla Underground*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2022, I caused a true and correct copy of Defendant Vanilla Underground's Amended Memorandum in Opposition to Plaintiff's Motion For Preliminary Injunction to be served on all counsel of record by ECF.

                                                      /s/ Matthew R. Grothouse
                                                      Matthew R. Grothouse