#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | | |
|---|---|---|
| COZY COMFORT COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-cv-16563 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| THE INDIVIDUALS, CORPORATIONS | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A | ) | |
| TO THE COMPLAINT, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendant Zhang Dong's motion to enforce settlement agreement [178] is denied. See the accompanying Statement for details.

### STATEMENT

Plaintiff Cozy Comfort Company LLC ("Cozy Comfort") sells an oversized hooded sweatshirt for which it has a design patent and two related trademarks. According to Cozy Comfort, the numerous Defendant online retailers listed in Schedule A attached to its complaint have infringed on its trademarks and design patent, in violation of 15 U.S.C. § 1114 and 35 U.S.C. § 271. Since initiating this case, Cozy Comfort has settled with several Defendant retailers. Defendant Zhang Dong, the operator of the Amazon.com store CozyLeep, claims to have reached a settlement agreement that Cozy Comfort refuses to honor. Zhang Dong now moves to enforce that settlement. (Dkt. No. 178.)

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016). In Illinois, for a contract to be valid, there must be an "offer, acceptance, and consideration." *DiLorenzo v. Valve & Primer Corp.*, 807 N.E.2d 673, 678 (Ill. App. Ct. 2004) (internal quotation marks omitted). Here, Zhang Dong contends that they accepted an offer from Cozy Comfort to settle for $3,500. However, Cozy Comfort asserts that it retracted its offer to settle for $3,500 before Zhang Dong communicated their acceptance, and therefore Zhang Dong's attempt to accept the revoked offer was ineffective.

The Court agrees that Cozy Comfort never entered into an enforceable agreement with Zhang Dong to settle for $3,500. "[I]t is elementary that an offeree's power to accept is

terminated by . . . revocation of the offer . . . ." *Rothenbuecher v. Tockstein*, 411 N.E.2d 92, 94 (Ill. App. Ct. 1980). Here, the evidence establishes that Cozy Comfort revoked its offer prior to Zhang Dong's attempted acceptance. Cozy Comfort's original offer to settle for $3,500 was emailed to Zhang Dong by Cozy Comfort's counsel at 10:15 AM on February 9, 2024. (Pl.'s Opp'n, Ex. A, Dkt. No. 188-1.) Fourteen minutes later, at 10:29 AM, Cozy Comfort's counsel again emailed Zhang Dong informing them that the $3,500 offer was sent in error and clarified that Cozy Comfort's offer was instead for $300,000. (Pl.'s Opp'n, Ex. B, Dkt. No. 188-2.) Zhang Dong first responded to Cozy Comfort at 9:19 PM on February 9, 2024, when they sent an email agreeing to "pay the sum of $3,500 to . . . resolve this issue." (Pl.'s Opp'n, Ex. C, Dkt. No. 188-3.) By that time, Cozy Comfort's offer to settle for $3,500 had been revoked and been superseded by its offer for $300,000. Cozy Comfort's revocation was effective as soon as the email entered Zhang Dong's inbox; it makes no difference that Zhang Dong may not have read the revocation before his attempted acceptance. *See* Restatement (Second) of Conts. § 68 (1981) ("A written revocation, rejection, or acceptance is received when the writing comes into the possession of the person addressed . . . ."); *id.* cmt. a ("[A] written communication may be received though it is not read or though it does not even reach the hands of the person to whom it is addressed.").

Since there was no $3,500 offer for Zhang Dong to accept, there is no agreement to settle at that sum for the Court to enforce. Consequently, Zhang Dong's motion to enforce the settlement agreement is denied.

Dated: February 10, 2025

Andrea R. Wood
United States District Judge