



FILED

6/25/2025

KG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITEDSTATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COZY COMFORT COMPANY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-16563 |
| | ) |
| THE INDIVIDUALS, AND | ) Judge Andrea R. Wood |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A", | ) Magistrate Judge Maria Valdez |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION FOR CONTEMPT AND SANCTIONS**
**FOR FAILURE TO COMPLY WITH THE COURT'S ORDER**

COMES NOW Zhang Dong operating under the trade name CozyLeep on Amazon.com ("Defendant"), and pursuant to Rule 70(e) of Federal Rules of Civil Procedure and 18 U.S.C. § 40, hereby moves this Honorable Court to hold Amazon.com, Inc. ("Amazon") in contempt of the Court's order dated January 17, 2024, [Dkt. 29] (hereinafter referred to as "TRO"), which converted to a Preliminary Injunction on May 28, 2024, [Dkt. 173], and the Court's order dated April 30, 2025, [Dkt. 245] (hereinafter the "Court's Order") and to impose sanctions. In support thereof, Defendant respectfully submits the following:

## I. **INTRODUCTION**

Plaintiff Cozy Comfort Company LLC ("Plaintiff") filed the instant civil action on December 6, 2023, alleging infringement of a U.S. Design Patent owned by Plaintiff by Defendant and many unrelated parties. [Dkt. 1]. Based upon the allegations in Plaintiff's Complaint, on January 17, 2024, this Court granted an Ex-Parte Motion for Entry of Temporary Restraining Order, and directed that, within five (5) business days after receipt of notice of the

TRO, all third-party financial institutions, payment processors, or marketplace platforms providing services to Defendant, including but not limited to Amazon, to restrain the transfer of **all** funds, including funds relating to ongoing account activity, held or received for Defendant's benefit or to be transferred into Defendant's financial accounts, and to immediately divert those restrained funds to a holding account for the trust of the Court, or "***until further ordered by this Court***." *See* <u>Exhibit **A**</u> at ¶ 3(b).

Also, the Court directed Amazon to provide Plaintiff expedited discovery of the following: (a) identifying information for defendants, including all available contact information (which shall include all known e-mail addresses and mailing addresses), as well as account numbers and account balances; (b) any user accounts and/or online marketplace websites affiliated with defendants that are not listed on Schedule A to the Complaint; (c) information concerning any of the defendants' accounts or defendants' assets, including any financial accounts affiliated with the defendants via any means, without limitation, the financial institutions, as well as any other merchant account providers, payment providers, third-party processors, and credit card associations (e.g., MasterCard and Visa), and including sales listing history related to the infringing and counterfeit products.

Consistent with the TRO's unambiguous language, on April 30, 2025, this Court ***further ordered*** Amazon "to transfer the restrained funds [] from Defendant's Account (Seller ID A3LGDG9SYJOFZB) to Plaintiff within two (2) business days of receipt of [the Court's Order]." *See* <u>Exhibit **B**</u> at ¶ 1. To date, Amazon has neither complied with the clear and unambiguous language of the Court's Order nor has provided any substantive explanation excusing its failure. *See* <u>Exhibit **C**</u>.

Amazon's actions are a flagrant affront to the Court's authority. It is no surprise that when confronted by Defendant, Amazon provided no legal justification for its blatant violation

of the TRO or the Court's Order—and none exists. *See* **Exhibit C** (*June 11, 2025 Email from Defendant to Amazon's Counsel*) (emphasis added). Amazon's conduct demonstrates a deliberate indifference to the TRO's asset-freezing powers, the plain and unambiguous language of the TRO, and this Court's authority. Accordingly, Defendant respectfully submits that this Motion for Contempt should be granted.

## II.   ARGUMENT

### A.  Legal Standard

Contempt is an appropriate vehicle to address Amazon's refusal to comply with the clear terms of the TRO and the plain language of the Court's Order. *See, generally, U.S. v. United Mine Workers of America,* 330 U.S. 258, 67 S.Ct. 577 (1947); *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 114 S.Ct. 2552 (1994). "A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 737 (7th Cir. 1999). Moreover, 18 U.S. Code § 401 provides: "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, [including] (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." *See* also Fed. R. Civ. P. 70(e) (authorizing courts to hold disobedient parties in contempt).

Here, Amazon may be found in contempt if Defendant proves, by clear and convincing evidence, that Amazon violated a court order. *Bailey v. Roob,* 567 F.3d 930, 934-35 (7th Cir. 2009); *Goluba v. School District of Ripon,* 45 F.3d 1035, 1037 (7th Cir. 1995). There need not be a finding that any violation was "willful," and a party may be found in civil contempt if it "has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Bailey,* 567 F.3d at 935 (quotations and citations omitted). The Seventh Circuit has used a four-

part test for evaluating a contempt motion. As applied to this case, Defendant must show: (1) The TRO and/or the Court's Order set forth an unambiguous command; (2) Amazon violated that command; (3) Amazon's violation was significant, meaning the conduct alleged to be a violation did not substantially comply with the TRO or the Court's Order; and (4) Amazon failed to take steps to reasonably and diligently comply with the TRO or the Court's Order. *Id.* (citing *Prima Tek II, LLC v. Klerk's Plastic Industries, B.V.,* 525 F.3d 533, 542 (7th Cir. 2008)). Defendant satisfies each of these elements.

### B. Defendant has Demonstrated by Clear and Convincing Evidence that Amazon is in Contempt of the TRO and the Court's Order

The language of both the TRO and the Court's Order is clear and unambiguous. Specifically, the TRO states, in relevant part:

> Within five (5) days of receipt of service of this Order, the Marketplace Platforms, including without limitation entities doing business as or operating as. . . (ii) Amazon Payment Systems, Inc. and Amazon.com, Inc. ("Amazon") . . . shall:
>
>     a.  locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets"); and
>
>     b.  locate, attach, and **restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets**, **until further ordered by this Court.**

**Exhibit A** at ¶ 3.

The Court's Order states, in relevant part:

> (1) Pursuant to the parties' settlement agreement, Amazon.com, Inc. and/or Amazon Pay (collectively "Amazon") are ordered to **transfer the restrained funds** ("Account Funds") **from Defendant's Account** (Seller ID A3LGDG9SYJOFZB) **to Plaintiff** within two (2) business days of receipt of this Order.

**Exhibit B** at ¶ 1.

As evidenced by **Exhibit C** hereto, Amazon's conduct demonstrates a deliberate indifference to the plain language of the TRO, and this Court's judicial authority. Indeed, there can be little doubt that Amazon's deliberate indifference to the clear terms of the TRO—and this Court's judicial authority—precipitated its subsequent violation of the Court's Order. Put simply, Amazon unwittingly dissipated the very restrained funds it was ordered to transfer. Defendant has demonstrated, by clear and convincing evidence that Amazon is in contempt of the TRO and the Court's Order. *Bailey,* 567 F.3d at 934-35.

***First***, the TRO sets forth unambiguous commands. *Bailey,* 567 F.3d at 934-35. The TRO's plain terms direct Amazon to "locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, ***until further ordered by this Court.***" ." *See* **Ex. A** at ¶ 3(b). Accordingly, the Court's Order ***further*** directed Amazon "to transfer the restrained funds [] from Defendant's Account (Seller ID A3LGDG9SYJOFZB) to Plaintiff within two (2) business days of receipt of [the Court's Order]." *See* **Ex. B** at ¶ 1. These commands are not, by their plain terms, vague or ambiguous, and Amazon neither sought clarification nor modification of the Court's TRO in any event.

***Second***, Amazon violated the Court's unambiguous commands. *Bailey,* 567 F.3d at 934-35. Amazon's blatant disregard of the plain language of ¶ 3(b) of the TRO—"until further ordered by this Court"—and, subsequently, the Court's Order, constitutes a violation of the Court's clear command. Amazon was told to restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for Defendant's benefit "until further ordered by this Court," and yet it has done exactly the opposite. Amazon unilaterally altered the Court's unambiguous mandate to preserve all funds in Defendant's account and has unwittingly dissipated the restrained funds for its own convenience. Notably, on January 17, 2024, when the

TRO took effect, Defendant's account carried a balance of **$10,173.15**. In its discovery production—post TRO—Amazon represented that it had frozen **$20,140.83** in compliance with the TRO's clear command. In fact, according to the transaction report Amazon produced pursuant to the Court's order [Dkt. 249], the total sum of funds restrained under the TRO from January 17, 2024 to May 15, 2025 amounted to **$42,408.24**. From January 17, 2024 to date, **no** intervening judgment, fine, citation, lien, levy, or other administrative or judicial action has depleted the funds restrained in Defendant's account. Defendant's account did not have any pre-existing "default" when the TRO took effect. Any purported "default" in Defendant's account arose only because Amazon itself unilaterally unfroze and unwittingly disgorged the **$42,408.24** the Court ordered frozen, in violation of the plain language of the TRO and the Court's Order, as set out above. For its part, Amazon acknowledges its violation and does not dispute the foregoing salient facts. *See* **Ex. C**.

     *Third*, Amazon's violation of the TRO, and the Court's Order, was significant, meaning the conduct alleged to be a violation did not substantially comply with the TRO or the Court's Order. *Bailey,* 567 F.3d at 934-35. As demonstrated above, whereas Amazon's violations are unambiguous, significant, and numerous, when confronted by Defendant, Amazon provided no legal justification for its blatant violation of the TRO or the Court's Order, nor could it. *See* **Exhibit C** (Email from Defendant to Amazon's Counsel, June 11, 2025).

     *Fourth*, Amazon failed to take steps to reasonably and diligently comply with the TRO and the Court's Order. *Bailey,* 567 F.3d at 934-35. From June 10, Amazon was specifically on notice that it stood in contempt of both the TRO and the Court's Order, and yet, to date, it "has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Bailey,* 567 F.3d at 935. **Exhibit C** (emphasis added). Amazon's failure—or refusal—to act underscores its disregard for taking the reasonable and diligent measures required to comply. In

fact, Amazon has consistently demonstrated an unwillingness to fully adhere to the clear terms of the TRO and the Court's Order.

While there need not be a finding that any violation was "willful," and a party may be found in civil contempt if it "has not been reasonably diligent and energetic in attempting to accomplish what was ordered" (*Bailey*, 567 F.3d at 935), Defendant submits that Amazon's deliberate indifference to the plain language of the TRO, the Court's Order, and the Court's judicial authority, amounts to a willful violation. Accordingly, Defendant has satisfied its burden of showing contempt by clear and convincing evidence. *Bailey,* 567 F.3d at 935.

### C. Amazon Should Be Sanctioned

"Sanctions for civil contempt may be imposed to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy; where compensation is intended, a fine may be imposed payable to the complainant," *Connolly v. J. T. Ventures,* 851 F.2d 930, 932 (7th Cir. 1988) (citations omitted). "A court has broad discretion to fashion a remedy based on the nature of the harm and the probable effect of alternative sanctions." *Id.* at 933 (citation omitted).

Here, Defendant seeks coercive sanctions. "Coercive sanctions seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express court directive." *Dowell,* 257 F.3d at 699 (7th Cir. 2001). As explained above and further demonstrated by Defendant's **Exhibit C** hereto, there can be no doubt that Amazon's act constitutes deliberate indifference to the plain language of the TRO, the Court's Order, and the Court's judicial authority. To the extent Amazon disagreed with the plain language of the TRO or the Court's Order, Amazon neither sought a modification nor clarification of the same, at any time. Amazon cannot disregard the law, this Court's Orders, or unilaterally modify the plain language of the TRO at its whim and for its own convenience. Accordingly, and based on the

foregoing authorities, Defendant respectfully requests that the Court impose a fine of $42,408.24 as a coercive sanction to deter Amazon's continued and future egregious behaviour.

The civil contempt remedy Defendant seeks is accordingly well within this Court's discretion and constitutes reasonable measures to coerce Amazon's compliance with the unequivocal terms of the TRO and the Court's Order.

### III.    <u>CONCLUSION</u>

As explained above, Amazon has brazenly violated the plain language of the TRO, and the Court's Order, notwithstanding Defendant's notification to Amazon and Defendant's reasonable efforts to confer and resolve this matter amicably. Amazon will continue violating the Court's orders without immediate, and substantial sanctions. Defendant has demonstrated by clear and convincing evidence that Amazon disregarded the plain language of the TRO and disrespected this Court's authority by unilaterally altering the unambiguous terms of the TRO without further order from this Court. Accordingly, the Court should hold Amazon in contempt.

Dated: June 25, 2025                          Respectfully submitted,

*/s/ Zhang Dong*
**ZHANG DONG**
zheyifangzhi@outlook.com
1-3-35, Jinshan 4th Branch
RoadLiangxi District, Wuxi,
Jiangsu
214000, China

***Defendant CozyLeep (DOE 13)***

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COZY COMFORT COMPANY LLC, | ) | |
| | ) | No. 23-cv-16563 |
| Plaintiff, | ) | |
| | ) | Judge Andrea R. Wood |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED ON | ) | |
| SCHEDULE A TO THE COMPLAINT, | ) | |
| | ) | |
| Defendants. | ) | |

**\*SEALED\* TEMPORARY RESTRAINING ORDER**

Plaintiff COZY COMFORT COMPANY LLC ("Plaintiff" or "COZY COMFORT") has filed an *Ex Parte* Motion for Entry of Temporary Restraining Order ("Motion") seeking: (1) a temporary injunction against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on Schedule A to the Complaint (collectively, "Defendants") enjoining Defendants from improperly promoting, advertising, marketing, distributing, offering for sale, and selling infringing and counterfeit versions of Plaintiff's products (the "Counterfeit Products"); (2) a temporary restraint of Defendants' assets to preserve Plaintiff's right to an equitable accounting; (3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing and Counterfeit Products and Defendants' financial accounts; and (4) service by e-mail and/or electronic publication. After reviewing the Motions and accompanying record, this Court GRANTS Plaintiff's Motions as follows.

1

Plaintiff has made a showing that it is the registered owner and lawful assignee of all right, title, and interest in and to the COMFY Trademarks as follows:

| U.S. TM Reg. No. | Trademark | Registration Date |
|---|---|---|
| 6,018,450 | The mark consists of an image of a standing panda bear wearing a hooded sweatshirt to the left of the words "THE COMFY". (Class 24, 35) | Mar. 24, 2020 |
| 5,608,347 | THE COMFY (Class 24) | Nov. 13, 2018 |

Plaintiff has made a showing that it is the owner and lawful assignee of all right, title, and interest in and to the COMFY Patent:

| U.S. Patent Number | Claim | Issue Date |
|---|---|---|
| D859,788 S |  FIG 1 | Sept. 17, 2019 |

Defendants, through the various Internet based e-commerce stores operating under the seller identities identified on Schedule A (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiff has determined to be counterfeits of the COMFY Trademarks and COMFY Patent. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits of the COMFY Trademarks and COMFY Patent.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in

2

the United States, including Illinois, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, fully interactive internet stores through which Illinois residents can purchase Infringing and Counterfeit Products bearing, using, or infringing upon COMFY Trademarks and COMFY Patent. Defendants have offered for sale and sold unauthorized Infringing and Counterfeit Products bearing, using, or infringing on the COMFY Trademarks and COMFY Patent through accounts with online marketplace platforms including but not limited to Alibaba.com, Amazon.com, eBay.com, etsy.com, and Walmart.com (the "Marketplace Platforms") held by Defendants (the "User Accounts").

This Court also finds that issuing this Order without notice pursuant to Fed. R. Civ. P. 65(b)(1) is appropriate because Plaintiff has presented specific facts in the Declarations of Michael Speciale and Jason Zack, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in US-based financial institutions to offshore accounts.

The Court finds that Plaintiff has shown (a) Plaintiff has a reasonable likelihood of success on the merits, (b) no adequate remedy at law exists, (c) Plaintiff will suffer irreparable harm without injunctive relief, (d) the irreparable harm suffered without injunctive relief outweighs the irreparable harm Defendants will suffer if the injunction is granted, and (e) the injunction will not harm the public interest.

Based on the foregoing, it is **ORDERED** as follows:

3

## TEMPORARY INJUNCTION ENJOINING THE ADVERTISING, OFFERING FOR SALE, AND SALE OF COUNTERFEIT PRODUCTS

1.      Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them are temporarily enjoined and restrained from:

    a.    using the COMFY Trademarks and COMFY Patent in any way, including without limitation for any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the creation, manufacturing, printing, shipping, distribution, marketing, advertising, offering for sale, or sale of any product that is not genuine COMFY products or is not authorized by the Plaintiff to be sold in connection with the COMFY Trademarks and COMFY Patent;

    b.    passing off, inducing, or enabling others to sell or pass off any product as a genuine COMFY product that is not, in fact, any of Plaintiff's genuine COMFY products and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with the COMFY Trademarks and COMFY Patent;

    c.    committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.    further infringing the COMFY Trademarks and COMFY Patent and damaging Plaintiff's goodwill;

4

e.      manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, which is distributed, marketed, advertised, offered for sale, and which infringe any of Plaintiff's federally registered intellectual property, including the COMFY Trademarks and COMFY Patent, or any reproductions, counterfeit copies, or colorable imitations thereof;

f.      using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Internet Stores, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

g.      operating and/or hosting websites and/or other online presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product incorporating the COMFY Trademarks and COMFY Patent.

## **TEMPORARY ASSET RESTRAINT**

2.      Pursuant to Fed. R. Civ. P. 64 and 65, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5

3.     Within **five (5) days** of receipt of service of this Order, the Marketplace Platforms, including without limitation entities doing business as or operating as (i) Alibaba Group Holding Limited ("Alibaba"), (ii) Amazon Payment Systems, Inc. and Amazon.com, Inc. ("Amazon"), (iii) eBay, Inc. ("eBay"), (iv) Etsy, Inc. (""), and (v) Walmart, Inc. ("Walmart"), and payment processing service providers, banks, savings and loan associations and other financial institutions, including without limitation entities doing business as or operating (vi) PayPal, Inc. ("PayPal"), (vii) Payoneer, Inc. ("Payoneer"), (viii) Ping Pong Global Solutions, Inc. ("Ping Pong"), (ix) Coinbase Global, Inc. ("Coinbase"), (x) LianLian Global t/as LL Pay U.S., LLC ("LianLian"), (xi) GoAllPay ("AllPay"), (xii) Union Mobile Financial Technology Co., Ltd ("Union Mobile"), (xiii) World First UK Ltd. ("World First"), (xiv) Paxful, Inc. ("Paxful"), (xv) Shopify Inc. ("Shopify"), and (xvi) Stripe, Inc. ("Stripe") (collectively "Financial Institutions") shall:

a.     locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets"); and

b.     locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court.

4.     The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel.

## **EXPEDITED DISCOVERY**

5.     As sufficient cause has been shown, within **five (5) days** of receipt of service of this Order, the Financial Institutions, including each of the Marketplace Platforms in their capacity as an online marketplace platform, as well as any domain name registries, shall provide the

6

following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions', Marketplace Platforms' and/or domain name registrars' possession, custody, or control):

    a.    Identifying information for Defendants, including all available contact information (which shall include all known e-mail addresses and mailing addresses), as well as account numbers and account balances;

    b.    Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint;

    c.    Information concerning any of the Defendants' Accounts or Defendants' Assets, including any financial accounts affiliated with the Defendants via any means, without limitation, the Financial Institutions, as well as any other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and Visa), and including sales and listing history related to the Infringing and Counterfeit Products.

### SERVICE BY ELECTRONIC MAIL AND/OR ELECTRONIC PUBLICATION

6.    Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by either of the following means:

    a.    Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint; and all papers filed in support of Plaintiff's application (the

"Link") to Defendants' e-mail addresses as provided by the Financial Institutions and/or Marketplace Platforms; or

b.   Requesting that the Financial Institutions and/or Marketplace Platforms cause Defendants' online marketplace website(s) to redirect to the Link.

7.     Such alternative service by electronic means ordered herein shall be made after the Financial Institutions comply with Paragraphs 4 through 5 of this Order.

8.     The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO" that shall apply to all Defendants.

9.     This Order shall apply to the Seller IDs and Subject Domain Names, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, private messaging accounts, domain names and websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting Plaintiff's Marks at issue in this action and/or unfairly competing with Plaintiff;

10.    This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

11.    The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

12.    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c),

8

within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court Ten Thousand Dollars ($10,000.00), either cash, company check, cashier's check, or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

This Temporary Restraining Order without notice is entered at 10:00 A.M. on this 17th day of January 2024 and shall remain in effect for fourteen (14) days.

_____
Andrea R. Wood
United States District Judge

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COZY COMFORT LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A TO THE<br>COMPLAINT,<br><br>      Defendants. | Case No.  23-cv-16563 |

## SCHEDULE A

| | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 1. | Shenzhen Water Stone Technology Co., Ltd. | https://szss.en.alibaba.com/contactinfo.html |
| 2. | Abahub® | https://www.amazon.com/sp?seller=A19UV6HEWD11P5 |
| 3. | Aierden US | https://www.amazon.com/sp?seller=A1ACTSS57IOY41 |
| 4. | Ailainniyishi | https://www.amazon.com/sp?seller=A9MNAQAMMAY7S |
| 5. | AK_MART | https://www.amazon.com/sp?seller=A37SGXR8US71DW |
| 6. | Alosky | https://www.amazon.com/sp?seller=A11CNPBB62XUIS |
| 7. | Alyc-Life | https://www.amazon.com/sp?seller=A21OC53PDMO7LS |
| 8. | BestoreTech | https://www.amazon.com/sp?seller=A1J7OA85N078CB |
| 9. | Chavish | https://www.amazon.com/sp?seller=A2YQBTDIOQ4JJY |
| 10. | chenghuaqulinhuimingbaihuodian | https://www.amazon.com/sp?seller=AEQJUNFHUHOBJ |
| 11. | Chunping | https://www.amazon.com/sp?seller=A2DEN9FQRM13M9 |

| 12. | Cozy Bliss | https://www.amazon.com/sp?seller=A2NCNTZL5L0E82 |
| 13. | CozyLeep | https://www.amazon.com/sp?seller=A3LGDG9SYJOFZB |
| 14. | dgdgbaby | https://www.amazon.com/sp?seller=A2RX7NOF08Y3F8 |
| 15. | Elephwild | https://www.amazon.com/sp?seller=ASHNJOXZOOC18 |
| 16. | EmotionTreasure | https://www.amazon.com/sp?seller=A1K2HR4OAA3IA9 |
| 17. | Geruitejia | https://www.amazon.com/sp?seller=A2R67G9Z61C0XH |
| 18. | haixuemaoyi | https://www.amazon.com/sp?seller=A35ICO0AMNTSC0 |
| 19. | JANNIDE Direct US | https://www.amazon.com/sp?seller=A2FBQJJ2G63BOE |
| 20. | Jindaomaoyi | https://www.amazon.com/sp?seller=AE9607KOJEBYT |
| 21. | jinlindianzi1999 | https://www.amazon.com/sp?seller=A2MZ01PVLNB031 |
| 22. | KICKLE | https://www.amazon.com/sp?seller=A8SZQW1T3PTQ3 |
| 23. | Lanliun | https://www.amazon.com/sp?seller=A2L1XG7OB80JP6 |
| 24. | Liny-US | https://www.amazon.com/sp?seller=A2EKKC86141XFK |
| 25. | Lovebedding | https://www.amazon.com/sp?seller=A366ARB1XY50R |
| 26. | Mescaras | https://www.amazon.com/sp?seller=A6POES40QGHV6 |
| 27. | Miryoku Store | https://www.amazon.com/sp?seller=A2K9EYPULLHWH8 |
| 28. | Online Home Shop | https://www.amazon.com/sp?seller=A37K4H4N6DQ7BT |
| 29. | Phoenix Fitness - Myga | https://www.amazon.com/sp?seller=A3D3DYPJ0BBSUC |
| 30. | prettyfirst | https://www.amazon.com/sp?seller=ACQ495MRLS8VI |
| 31. | Qingdao Bestasia Textiles Co., Ltd. | https://www.amazon.com/sp?seller=A1Y31OYR1FKC79 |
| 32. | RXLLDOLY Official | https://www.amazon.com/sp?seller=A3K5SKN60ISPTX |
| 33. | Sannwsg-US | https://www.amazon.com/sp?seller=A166IGE1R3F11J |

| 34. | shikuoshengshangmao | https://www.amazon.com/sp?seller=A1IWON33P3Q2EW |
| 35. | SHUDIKEJI | https://www.amazon.com/sp?seller=A3DACA0QFHYJ39 |
| 36. | Slendshaper US | https://www.amazon.com/sp?seller=A2Z9N34UWA1C7Y |
| 37. | Surii Home | https://www.amazon.com/sp?seller=A2Z89AMA2SKPM8 |
| 38. | tatarum | https://www.amazon.com/sp?seller=A11ONPD5MDOKPS |
| 39. | Très Chic Mailanda | https://www.amazon.com/sp?seller=amho8bnuaxi3l |
| 40. | UMax | https://www.amazon.com/sp?seller=ATXW62C7IPPNI |
| 41. | Vanilla Underground Store | https://www.amazon.com/sp?seller=a1u7e11p5kz4d1 |
| 42. | VIVILAND SHOP | https://www.amazon.com/sp?seller=A3E378YW4OB7DT |
| 43. | Wamnort Catrtuo | https://www.amazon.com/sp?seller=AVJH51UTRURJK |
| 44. | Wenlia | https://www.amazon.com/sp?seller=A1FS9QYZ2Z79OK |
| 45. | Wxy Direct | https://www.amazon.com/sp?seller=A3IZON4QXTV7R7 |
| 46. | XCBW | https://www.amazon.com/sp?seller=A2SFVRK5N1SLBL |
| 47. | xianjuguanduowuzi | https://www.amazon.com/sp?seller=A1UF52GL1ZS0MP |
| 48. | XUPEIHUA | https://www.amazon.com/sp?seller=A36UYHYY0BZ4R3 |
| 49. | yescool | https://www.amazon.com/sp?seller=A28QNUDQ6SRV43 |
| 50. | ZC HOME FASHION | https://www.amazon.com/sp?seller=A3LEIEE3QBBR1G |
| 51. | zhuozhiqi | https://www.amazon.com/sp?seller=A2MTL61UZJNPSV |
| 52. | abba_store1 | https://www.ebay.com/usr/abba_store1 |
| 53. | adco-1012 | https://www.ebay.com/usr/adco-1012 |
| 54. | adir-gifts | https://www.ebay.com/usr/adir-gifts |
| 55. | alex4you1 | https://www.ebay.com/usr/alex4you1 |
| 56. | angjaya_44 | https://www.ebay.com/usr/angjaya_44 |
| 57. | antoniov7587 | https://www.ebay.com/usr/antoniov7587 |
| 58. | anzhao-84 | https://www.ebay.com/usr/anzhao-84 |
| 59. | avnerc33 | https://www.ebay.com/usr/avnerc33 |

| | | |
|---|---|---|
| 60. | ayelet_store | https://www.ebay.com/usr/ayelet_store |
| 61. | bettersleeptoday | https://www.ebay.com/usr/bettersleeptoday |
| 62. | byng315 | https://www.ebay.com/usr/byng315 |
| 63. | crystalbrothersinc | https://www.ebay.com/usr/crystalbrothersinc |
| 64. | elnuraliev | https://www.ebay.com/usr/elnuraliev |
| 65. | fgsm-01 | https://www.ebay.com/usr/fgsm-01 |
| 66. | ft85_22 | https://www.ebay.com/usr/ft85_22 |
| 67. | georgiapanagopoulou | https://www.ebay.com/usr/georgiapanagopoulou |
| 68. | get-it-so-fast | https://www.ebay.com/usr/get-it-so-fast |
| 69. | golda_store | https://www.ebay.com/usr/golda_store |
| 70. | gutman99 | https://www.ebay.com/usr/gutman99 |
| 71. | infel_0 | https://www.ebay.com/usr/infel_0 |
| 72. | kobiett | https://www.ebay.com/usr/kobiett |
| 73. | labzseller | https://www.ebay.com/usr/labzseller |
| 74. | mihlrd-0 | https://www.ebay.com/usr/mihlrd-0 |
| 75. | mondo_moda | https://www.ebay.com/usr/mondo_moda |
| 76. | more2565 | https://www.ebay.com/usr/more2565 |
| 77. | nihao2015 | https://www.ebay.com/usr/nihao2015 |
| 78. | nofyak-0 | https://www.ebay.com/usr/nofyak-0 |
| 79. | nomanoma | https://www.ebay.com/usr/nomanoma |
| 80. | nore_8222 | https://www.ebay.com/usr/nore_8222 |
| 81. | phaphop-0 | https://www.ebay.com/usr/phaphop-0 |
| 82. | pricefast | https://www.ebay.com/usr/pricefast |
| 83. | quartzmart031 | https://www.ebay.com/usr/quartzmart031 |
| 84. | realdvirb | https://www.ebay.com/usr/realdvirb |
| 85. | realva | https://www.ebay.com/usr/realva |
| 86. | rockgemstonehome | https://www.ebay.com/usr/rockgemstonehome |
| 87. | sellera696 | https://www.ebay.com/usr/sellera696 |
| 88. | speedydealsstore | https://www.ebay.com/usr/speedydealsstore |
| 89. | topteam2018 | https://www.ebay.com/usr/topteam2018 |
| 90. | undergoods | https://www.ebay.com/usr/undergoods |
| 91. | usa_best_stock | https://www.ebay.com/usr/usa_best_stock |
| 92. | yellow-price | https://www.ebay.com/usr/yellow-price |
| 93. | Alina Malina | https://www.etsy.com/shop/AlinamalinaShop |
| 94. | Eden Do | https://www.etsy.com/shop/funkyteeforyou |
| 95. | FreshPicks | https://www.walmart.com/reviews/seller/101337690 |
| 96. | FSLK | https://www.walmart.com/reviews/seller/101178308 |
| 97. | G-CHEN | https://www.walmart.com/reviews/seller/101276139 |
| 98. | Hampells Products LLC | https://www.walmart.com/reviews/seller/101396912 |

| 99. | Hantoo Co., Ltd | https://www.walmart.com/reviews/seller/1012 91218 |
| 100. | Hongkun Trading Co., Ltd. | https://www.walmart.com/reviews/seller/1012 73034 |
| 101. | HuaShao LLC | https://www.walmart.com/reviews/seller/1011 29194 |
| 102. | JiAmy Co. ltd | https://www.walmart.com/reviews/seller/1011 91267 |
| 103. | KUNMINGLITINGXIANGDIA NZISHANGWUYOUXIANGON GSI | https://www.walmart.com/reviews/seller/1012 83019 |
| 104. | micaeladietrich | https://www.walmart.com/reviews/seller/1013 82074 |
| 105. | nanjingdaoshengyiwangluokejiyo uxiangongsi | https://www.walmart.com/reviews/seller/1012 70534 |
| 106. | Online Home Shop Limited | https://www.walmart.com/reviews/seller/1011 88796 |
| 107. | Pertemba US | https://www.walmart.com/reviews/seller/1010 46686 |
| 108. | QJQ Co. Ltd | https://www.walmart.com/reviews/seller/1012 45690 |
| 109. | QUYUON. | https://www.walmart.com/reviews/seller/1011 87941 |
| 110. | Sizhou DIY Clothing Trade | https://www.walmart.com/reviews/seller/1012 54883 |
| 111. | SZMYYX Co.ltd | https://www.walmart.com/reviews/seller/1011 37513 |
| 112. | TOPGOD Wardrobe | https://www.walmart.com/reviews/seller/1012 30807 |
| 113. | TUOFENG Co. Ltd | https://www.walmart.com/reviews/seller/1012 80342 |
| 114. | VALMASS Stylish Clothes | https://www.walmart.com/reviews/seller/1011 97010 |
| 115. | Xikong Trading Co., Ltd. | https://www.walmart.com/reviews/seller/1012 73294 |
| 116. | www.sopjnb.top | http://www.sopjnb.top |
| 117. | www.phiedeans.top | http://www.phiedeans.top |
| 118. | www.zpcpays.top | http://www.zpcpays.top |

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| COZY COMFORT COMPANY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-16563 |
| | ) |
| THE INDIVIDUALS, AND | ) Judge Andrea R. Wood |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A", | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action having been commenced by Plaintiff COZY COMFORT COMPANY LLC ("Plaintiff") against Defendant CozyLeep ("Defendant"), and Plaintiff and Defendant having resolved all claims between them arising from the allegations in the Complaint, IT IS HEREBY ORDERED:

(1) Pursuant to the parties' settlement agreement, Amazon.com, Inc. and/or Amazon Pay (collectively "Amazon") are ordered to transfer the restrained funds ("Account Funds") from Defendant's Account (Seller ID A3LGDG9SYJOFZB) to Plaintiff within two (2) business days of receipt of this Order.

(2) Upon Amazon's transfer of the Account Funds to Plaintiff pursuant to paragraph 1, Amazon shall remove any restraints that were placed on Defendant's Account pursuant to the Sealed Temporary Restraining Order [DE 29] and Preliminary Injunction Order [DE 173].

**IT IS SO ORDERED.**

DATED: April 30, 2025

_____
Andrea R. Wood
United States District Judge

# EXHIBIT C

# RE: Platform Deduction - 23cv16563

---

From: **zhang Dong** | zheyifangzhi@outlook.com                     Tuesday, Jun 10, 12:15

To: ██████████████████████████

Cc: ████████████████████████████████████████████████████████

**Samantha Parrish** | sparrish@bsfllp.com

████████████████

I write to draw Amazon's attention to page 1 of the attached Temporary Restraining Order (TRO), which explicitly granted "(2) a temporary restraint of [CozyLeep's] assets **to preserve Plaintiff's right to an equitable accounting.**" See TRO at 1.

On page 6, ¶ 3(b) of the TRO, the Court commanded that, within five (5) days of service, Amazon "shall locate, attach, and restrain the transfer or disposing of monies or funds from [CozyLeep's] Account[], as well as the transfer or disposing of [CozyLeep's] Assets, **until further ordered by this Court.**" See TRO ¶ 3(b), at 6 (emphasis added).

Paragraph 4 then compels Amazon to "provide written confirmation of their compliance with the foregoing to Plaintiff's counsel." See TRO ¶ 4.

In its discovery production, Amazon represented that it had frozen at least **$20,140.83** of CozyLeep's account funds ("Account Funds") in compliance with the clear directives of the TRO. Yet the ledger you produced shows that, notwithstanding the plain text of the TRO, *without* any further order of the Court, Amazon unilaterally unfroze the Account Funds and depleted, transferred or disposed of **all** the TRO-restrained funds to the tune of **$42,408.24.**

There is no carve-out in the TRO permitting Amazon to unilaterally "unfreeze" the Account Funds or liquidate the TRO-restrained funds for the payment of FBA storage and other ledger debits. No provision of the TRO authorizes these ledger deductions. The plain text of the TRO commands that the asset freeze against CozyLeep's Account Funds was to remain in effect "**until further ordered by this Court.**" Respectfully, it takes no great intellectual powers to infer that Amazon cannot simultaneously purport to freeze CozyLeep's Account Funds pursuant to the clear terms of the TRO and then self-help to the restrained funds that the Court explicitly ordered frozen until they're completely depleted. This not only defeats the very purpose of the TRO, which is intended preserve Plaintiff's right to an equitable accounting, but also undermines and renders the TRO's asset-freezing power illusory. This is or should be common sense.

Indeed, the Court, having unequivocally imposed an asset restraint barring Amazon from "transfer or disposing of monies or funds from [CozyLeep's] Account[], as well as the transfer or disposing of [CozyLeep's] Assets, until further ordered by this Court," and Amazon having represented that it complied with the TRO's directive to "locate, attach, and restrain" CozyLeep's Account Funds, accordingly, on April 30, 2025 the Court **further ordered** that Amazon "transfer the restrained funds [] from Defendant's Account

(Seller ID A3LGDG9SYJOFZB) to Plaintiff within two (2) business days of receipt of this Order." See Court's Order [245], ¶ 1. Markedly, the Court's Order [245] reinforces that Amazon was absolutely required to preserve the TRO-restrained Account Funds, pending further Order of the Court.

Rather than conclude that Amazon acted deliberately in defiance and contempt of the Court's Orders, I'm going to give Amazon the benefit of the doubt here and presume that the TRO-restrained Account Funds were unilaterally unfrozen by Amazon and depleted in error. Nonetheless, as explained above, **Amazon now stands in contempt of the TRO and the Court's Order [245].**

**Wherefore, within two (2) business days**, Amazon is required to take necessary corrective action to ensure compliance with the clear terms of the TRO and to transfer the full, restored Account Funds to Plaintiff in accordance with the Court's Order [245] ¶ 1. If not, Amazon should state the provision of the TRO authorizing or excepting the various ledger deductions that have undermined the TROs asset-freezing power or, alternatively, produce the Court order permitting it to unilaterally unfreeze and charge, transfer or dispose of TRO restrained Account Funds from CozyLeep's Account—that the Court nonambiguously ordered frozen and preserved "until further ordered by this Court."

Regards,
Zhang Dong

---

From: ████████████████████████                          Tuesday, Jun 10, 15:03

   To:  **zhang Dong** | zheyifangzhi@outlook.com
   Cc:  ████████████████████████████████████████
                      **Samantha Parrish** | sparrish@bsfllp.com

Mr. Dong,

TRO relief belongs to the Plaintiff, not the Defendant. So, respectfully, we have no obligation to entertain your email demands. If the Plaintiff has issues with Amazon regarding the TRO, we will be happy to take that up with them separately.

NOTICE:  As of 5/20/2025, CozyLeep's account is in default in the amount of $17,457.62. Amazon retains all legal and equitable rights.



*This e-mail may contain privileged or other confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy,*

**transmit, disseminate, or otherwise use the information.**

---

From: **zhang Dong** | zheyifangzhi@outlook.com                    Wednesday, Jun 11, 13:25

To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Cc: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Samantha Parrish** | sparrish@bsfllp.com

▮▮▮▮▮▮▮

For the benefit of the Court reviewing this, it bears mentioning that the parties do not dispute the facts that:

1. ¶ 3(b) of the TRO commanded Amazon to locate, attach, and restrain the transfer or disposing of **all** monies or funds from CozyLeep's Account, as well as the transfer or disposing of CozyLeep's Assets, until further ordered by this Court;

2. according to the transaction report Amazon produced pursuant to the Court's Order [249], the total sum of the TRO-restrained funds from 1/17/2024 to 5/15/2025 amounted to **$42,408.24** ("Account Funds");

3. from 1/17/2024 to 5/15/2025, no intervening judgment, fine, citation, lien, levy, or other administrative or judicial action affected CozyLeep's Account outside of the instant civil action;

4. solely as a direct result of Amazon's unilateral action of modifying the clear terms of the TRO by unfreezing the Account Funds without any further order of the Court, CozyLeep's Account Funds were depleted, by Amazon; and

5. yet the TRO's command that the Account Funds remain restrained "until further ordered by this Court" is unambiguous. This is an open and shut case of contemptuous conduct. See also Order [245] ¶ 1.

Whereas Amazon's last dispatch presents only red herrings that reveal no legal justification for Amazon's usurpation of the Court's discretion to unfreeze the TRO-restrained funds, and whereas it fails to meaningfully address any of the foregoing straightforward facts, I reply to each of Amazon's contentions as follows:

First, please be informed that I agreed with Plaintiff's Counsel, Ms. Samantha Parrish, that I would take the lead on dealing with the issue at hand. There is no question that I have a property right to the TRO-restrained funds. Moreover, Plaintiff does not oppose Amazon rectifying its contempt by restoring and transferring the TRO-restrained funds to Plaintiff as ordered. Order [245] ¶ 1. Both Plaintiff and CozyLeep share the mutual interest of swiftly putting this litigation to an end. For all these reasons, there is no need take this up with Plaintiff's Counsel "separately". In any event, Ms. Parrish is copied on this email chain and is therefore fully apprised of what's going on. The parties would certainly benefit from discussing in the open, and not separately. So, I look forward to Amazon's meaningful response in an effort to amicably resolve this matter.

Second, it takes no great intellectual powers to infer that Amazon may not assert whatever equitable rights it believes it has in the TRO-restrained funds by overriding or usurping the Court's authority and unilaterally modifying the clear terms of the TRO for its own convenience. This is or it should be common sense. In any event, Amazon's claim, if any, is an entirely separate matter from the issues Plaintiff brought in this litigation

and likewise must be addressed separately, after Amazon has rectified its contempt.

To prevail on a request for a contempt finding, the moving party must "establish by clear and convincing evidence that (1) the district court's order set forth an unambiguous command; (2) [Amazon] violated the command; (3) the violation was significant, meaning that [Amazon] did not substantially comply with the order; and (4) [Amazon] failed to make reasonable and diligent effort to comply." *OHR v. Latino Express, Inc,* 776 F.3d 469, 474 (7th Cir. 2015). All of these four elements have been met. See opening paragraph above. Unarguably, Amazon stands in contempt of the TRO and the subsequent Court Order [245]. Whether Amazon acted with contumacious intent in defiance of the Court's Orders depends on how it responds now that it has been noticed of its contemptuous conduct, and/or whether it takes necessary and immediate corrective actions to undo or rectify its contempt as requested in my previous email. For prudence, I propose two (2) business days for Amazon's compliance. If requested, we may be able to mutually agree on a slightly longer timeframe. Having said the above, given that issue here is straightforward, I hope that we can resolve this matter informally.

I thank you in advance for your cooperation.

Regards,
Zhang Dong

---

From: **zhang Dong** | zheyifangzhi@outlook.com                    Monday, Jun 16, 10:56

To: ████████████████████████████

████████████████████████████████████████
              **Samantha Parrish** | sparrish@bsfllp.com

███████████████

Just following up. How's this looking?

Regards,
Zhang Dong

---

From: **zhang Dong** | zheyifangzhi@outlook.com                    Monday, Jun 23, 09:57

To: ████████████████████████

Cc: ████████████████████████████████████████
              **Samantha Parrish** | sparrish@bsfllp.com

███████████████

As we have yet to receive a substantive response, I am following up again. Please respond to our inquiry below so that we may proceed as necessary.

Specifically, please address Amazon's noncompliance with the clear terms or directives of paragraph 3(b) of

the TRO, and subsequently, the Court's further Order, [245] ¶ 1. Thank you.

Best regards,

Zhang Dong

---